IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MORRIS BROUSSARD, III | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv364 |
| DARRYL T. BLALOCK, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Morris Broussard, III, formerly an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

## Discussion

A final judgment was entered on June 16, 2022, dismissing the action for want of prosecution. Plaintiff has filed a motion for reconsideration [Dkt. 17]. This memorandum considers such motion.

## Analysis

Plaintiff's motion was filed within 28 days from the date the final judgment was entered. Accordingly, the motion will be considered under Rule 59 of the Federal Rules of Civil Procedure.

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

 (A) after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

 (B) after a non jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*.  After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment.  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

The above-styled action was dismissed for want of prosecution.  Following his release from custody, plaintiff was ordered to either pay the remainder of the filing fee or submit a new application to proceed *in forma pauperis*.  Additionally, by separate order, plaintiff was ordered to submit an amended pleading that contains a more detailed factual discussion explaining his basis of recovery.  The dismissal of this action was based on plaintiff's failure to comply with the orders of the court.

Plaintiff now asserts that he did not receive the orders of the court.  A review of the file in this action reveals the orders were sent to plaintiff at the address he provided the court.  Plaintiff, however, did not claim his mail and, therefore, the orders were returned to the court unclaimed.  Plaintiff is no longer confined and is responsible for checking his mail.

After careful consideration of plaintiff's motion and *pro se* status, the court is of the opinion that plaintiff should be provided an additional opportunity to comply with the orders of the court.  The court will grant plaintiff an additional twenty days from the date of this order in which to comply with the court's previous orders.

## ORDER

For the reasons set forth above, plaintiff should be granted another opportunity to prosecute his lawsuit by paying the remainder of the filing fee or submitting a new application to proceed *in forma pauperis* and submitting an amended pleading that contains a more detailed factual discussion explaining his basis of recovery.  Accordingly, it is

ORDERED that plaintiff's motion for reconsideration is GRANTED to the extent he will be afforded another opportunity to comply with the court's orders. It is therefore

ORDERED that plaintiff is GRANTED an extension of twenty days from the date of this order in which to submit an amended pleading, as ordered, and either pay the remainder of the filing fee, $272.00, or submit a proper application to proceed *in forma pauperis* in this action. If plaintiff timely complies with this order, the above-styled action will be reinstated on the court's active docket.

**SIGNED this 10th day of March, 2023.**

_____
Michael J. Truncale
United States District Judge